UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

YAHYA DUQUE GARCIA,

    Plaintiff,

v.

HASBROUCK HEIGHTS POLICE
DEPARTMENT, et al.,

    Defendants.

Civ. No. 15-0307 (KM) (SCM)

**OPINION**

**KEVIN MCNULTY, U.S.D.J.**

## I. INTRODUCTION

The plaintiff, Yahya Duque Garcia, is a prisoner at the South Woods State Prison in Bridgeton, New Jersey. Mr. Garcia initially filed his complaint in the Superior Court of New Jersey, Bergen County. On January 15, 2015, the defendants removed the case from state court to this Court pursuant to 28 U.S.C. § 1446, based on the complaint's assertion of claims under federal law and the U.S. Constitution.

At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. For the reasons set forth below, the complaint will be dismissed because, on its face, it is barred by the applicable statute of limitations. This dismissal will be without prejudice to the filing of an amended complaint that sets forth an adequate basis for the court to conclude that the statute of limitations was tolled or otherwise does not bar these claims.

## II.   BACKGROUND

The allegations of the complaint will be construed as true for purposes of this screening. Mr. Garcia filed his complaint in the Superior Court of New Jersey, Bergen County in June, 2014. He names the following as defendants: (1) the Hasbrouck Heights Police Department; (2) the Borough of Hasbrouck Heights; (3) Paul Bassett; (4) Kevin Caccavella; (5) Joseph Armelli; and (6) Michael Conlaneri. The individual defendants (3, 4, and 5) allegedly are employed by the Hasbrouck Heights Police Department.

Mr. Garcia alleges that on or about July 14, 2009, the defendants unlawfully arrested and imprisoned him without probable cause or due process of law. He further alleges that the defendants violated his civil rights by assaulting him and subjecting him to excessive force.

The defendants removed the case to this Court after they were served with the complaint.

## III.   GOVERNING LEGAL STANDARDS

### A. Screening of Prisoner Complaints

District courts must review complaints in civil actions in which a prisoner seeks redress against a governmental employee or entity. *See* 28 U.S.C. § 1915A(b). Section 1915A(b) directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (per curiam) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (per curiam) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v.*

2

*United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit.

To survive the court's screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

B.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a

>declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp. Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

## IV. DISCUSSION

Mr. Garcia's complaint, originally filed in state court, alleges that the defendants unlawfully arrested him, falsely imprisoned him, violated his civil rights and assaulted him. These events allegedly occurred on or about July 14, 2009. Mr. Garcia filed his complaint in nearly five years later, in June 2014. Section 1983 claims are subject to New Jersey's two-year statute of limitations. *See Patyrak v. Apgar*, 511 F. App'x 193, 195 (3d Cir. 2013) (per curiam) (citing *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010)). The date when a cause of action under § 1983 accrues, however, is a matter of federal law. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (citing *Genty v. Resolution Trust. Corp.*, 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." *Id.* (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." *Id.* (citing *United States v. Kubrick*, 444 U.S. 111, 120 (1979)).

The acts giving rise to these claims of unlawful arrest, false imprisonment, and use of excessive force allegedly occurred on July 14, 2009, when Mr. Garcia was arrested. There and then, Mr. Garcia would necessarily have been aware of the acts giving rise to his claims. *See*

*Ostuni v. Wa Wa's Mart*, 532 F. App'x 110, 112 (3d Cir. 2013) (per curiam) (excessive force claims typically accrue on the date of the assault because the plaintiff would have reason to know of the injury at that point) (citing *Montgomery v. De Simone*, 159 F.3d 120, 126 (3d Cir. 1998)). The two year Section 1983 statute of limitations began to run on July 14, 2009, and expired by July 14, 2011. Mr. Garcia's complaint was filed in June 2014, nearly three years after the statute of limitations had expired.

Any state law tort claims asserted in Mr. Garcia's complaint are likewise barred by a two year statute of limitations. In New Jersey, "the statute of limitations for a false arrest/imprisonment claim is two years." *Stevenson v. Office of the Prosecutor Monmouth Cnty.*, No. 13-7143, 2015 WL 105872, at *4 (D.N.J. Jan. 7, 2015) (citing *Fleming v. United Parcel Serv., Inc.*, 255 N.J. Super. 108, 154-55 (N.J. Super. Ct. Law. Div. 1992)). To the extent that Mr. Garcia may intend to assert a state law assault claim, it, too, is subject to a two-year statute of limitations. *See Gordon v. East Orange Veterans Hosp.*, No. 11-4066, 2013 WL 5730496, at *7 (D.N.J. Oct. 22, 2013) (citing N.J. STAT. ANN. § 2A:14-2).

"'State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.'" *McPherson v. United States*, 392 F. App'x 938, 944 (3d Cir. 2010) (quoting *Dique*, 603 F.3d at 185). New Jersey sets forth certain bases for "statutory tolling." *See, e.g.*, N.J. STAT. ANN. § 2A:14-21 (minority or insanity); N.J. STAT. ANN. § 2A:14-22 (non-residency of persons liable). Nothing in the complaint, however, suggests any potential basis for statutory tolling.

New Jersey "permits equitable tolling where 'the complainant has been induced or tricked by his adversary's misconduct into allowing the deadline to pass,' or where a plaintiff has 'in some extraordinary way' been prevented from asserting his rights, or where a plaintiff has

timely asserted his rights mistakenly by either defective pleading or in the wrong forum." *Cason v. Arie Street Police Dep't*, No. 10-0497, 2010 WL 2674399, at *5 n.4 (D.N.J. June 29, 2010) (citing *Freeman v. State*, 347 N.J. Super. 11, 31 (N.J. Sup. Ct. App. Div. 2002). The complaint, however, does not articulate any basis for equitable tolling.

It is apparent from the face of the complaint that Mr. Garcia's claims are barred by the statute of limitations and must therefore be dismissed. *See Ostuni*, 532 F. App'x at 111-12 ("Although the running of the statute of limitations is ordinarily an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint *sua sponte* under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.") (citing *Fogle v. Peirson*, 435 F.3d 1252, 1258 (10th Cir. 2006)); *Hunterson v. Disabato*, 244 F. App'x 455, 457 (3d Cir. 2007) (per curiam) ("[A] district court may *sua sponte* dismiss a claim as time-barred under 28 U.S.C. § 1915A(b)(1) where it is apparent from the complaint that the applicable limitations period has run.").

This dismissal will be without prejudice to the filing of an amended complaint within 45 days, in which Mr. Garcia may assert any facts that may demonstrate a basis for tolling the applicable statute of limitations.

## V. CONCLUSION

For the foregoing reasons, the complaint will be dismissed without prejudice for failure to state a claim upon which relief may be granted because it is barred on its face by the statute of limitations. An appropriate order will be entered.

Dated: February 9, 2015

KEVIN MCNULTY
United States District Judge